WESTCHESTER FIRE INSURANCE COMPANY, Libellant,

v.

FARRELL'S DOCK & TERMINAL CO.

and

McKIE LIGHTER COMPANY, Respondents,

v.

UNITED STATES of America,

and

City of Boston, Respondents-Impleaded.

No. 56-17-W.

United States District Court
D. Massachusetts.
June 5, 1957.

William T. Conlan, Boston, Mass., for libelant.

John F. Cremens, for respondent John H. Harrington, Asst. U. S. Atty., Boston, Mass., for impleaded respondent.

WYZANSKI, District Judge.

The United States, having been impleaded as a respondent, has filed exceptions. The first and second exceptions assert that no cause of action against the United States either under the Federal Tort Claims Act (Act of Aug. 2, 1946, c. 753, 60 Stat. 842) 28 U.S.C. §§ 1346, 2671 et seq. or otherwise has been stated, and the third exception claims that if an action were stated against the United States it is not one over which a district court sitting in admiralty has jurisdiction.

Libellant alleged as follows. It insured Carlinn Fabrics Corporation against damage to its goods. On January 27, 1955 the negligence of Farrell's Dock & Terminal Co. and McKie Lighter Co. caused a fire to destroy Carlinn's goods. Libellant indemnified Carlinn for the damage sustained, and as subrogee seeks recovery from Farrell and McKie.

McKie thereupon impleaded the United States. The impleading petition alleged that the United States exercised paramount control over the waters of Fort Point Channel, that its agents were negligent in suffering inflamable oils upon the waters of the channel, and that those oils caused the inflammable condition which resulted in the fire.

■ Upon the basis of the pleadings no cause of action is stated against the United States. It is not alleged that any specific statute gives a cause of action against the United States. It is not alleged that the United States owns the channel. Nor is it alleged that any representative of the United States deposited oil in the channel. All that is asserted is that the agents of the government suffered oil to remain upon the waters of the channel. No reference is made to any statute of the United States requiring any officer or employee to keep the channel clear of all kinds of oil. Nor has this Court found any statute or regulation which imposes upon any officer or agent of the United States any duty to remove all oil from navigable waters.

The Oil Pollution Act of 1924 (33 U.S.C. A. § 433 et seq.) relates to measures applicable solely to oil discharged from vessels. The River and Harbor Act of 1894 (33 U.S.C.A. § 1) authorizes the Secretary of War to prescribe such regulations for the use of navigable waters "as in his judgment the public necessity may require"; but, so far as this Court is informed the Secretary of War has not exercised his judgment to promulgate a regulation applicable to all kinds of oil which may be upon navigable waters. This Court, therefore, concludes that respondent McKie has failed to set forth in its pleading any duty which rests upon any officer or employee of the United States which that person has failed to perform.

■■ Moreover, if from some statute or regulation there can be spelled out some duty upon an agent of the United States to take notice of all oil on navigable waters, to report it, to discover the person responsible for such oil, to prosecute him, or to remove that oil, a government official who fails to perform such duty does not give to a person injured thereby a cause of action under the Federal Tort Claims Act. Any failure by an official to perform any of these duties would be "the failure to exercise or perform a discretionary function or duty". As such it would be conduct specifically excluded from coverage by the Federal Tort Claims Act. 28 U.S.C. § 2680(a). Dalehite v. United States, 346 U.S. 15, 30, 32, 73 S.Ct. 956, 97 L.Ed. 1427. Note 70 Harv.L.Rev. 827, 892–897. Even were some of these omissions regarded as nondiscretionary, action founded on them would not lie under the Federal Tort Claims Act. For § 1346(b) of that Act limits liability of the United States to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the * * * omission occurred." In Massachusetts a private person would not be liable for failure in any of the respects mentioned. In Massachusetts performance of such acts

if required at all would be regarded as an obligation resting solely upon the personnel of the organized administration of the Commonwealth, such as policemen, firemen, governmental inspectors, district attorneys, and river and harbor patrols. Since any obligation which does exist rests only upon public officials, no cause of action is stated under the Federal Tort Claims Act. Rayonier, Inc., v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354; Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.

Inasmuch as respondent McKie has not set forth a cause of action against the United States, the first two exceptions are sustained and the United States is entitled to have the impleading petition against it dismissed with prejudice.

So ordered.